UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 22-CV-04849 (RER)

———————————

Banjong, *et al.*,

Plaintiffs,

versus

Limleartvate, *et al.*,

Defendants.

———————————

**MEMORANDUM & ORDER**

May 25, 2023

———————————

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiffs Jakapan Banjong ("Banjong"), Thammarak Raksa ("Raksa"), Sirinart Nonthawong ("Nonthawong"), Pornthiwa Boonkwang ("Boonkwang"), and Tawhid Kabir ("Kabir") (collectively, "Plaintiffs") commenced this action on August 8, 2022, on behalf of themselves and other similarly situated individuals, against Yongyut Limleartvate ("Limleartvate") and Sea Thai Hospitality, Inc. ("Sea Thai") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"), N. Y. Lab. Law §§ 650 *et seq.* (ECF No. 1 ("Compl.")). The parties have consented to the jurisdiction of the Court pursuant to 28 U.S.C. § 636(c). (ECF Nos. 12, 13). Currently before the Court is Plaintiffs' motion to conditionally certify a collective action and to distribute notice to the putative collective pursuant to FLSA § 216(b) (the "Motion"). (ECF No. 35 at 1–2 ("Pls' Mot. to Certify")).

1

Defendants oppose the motion. (ECF No. 35 at 14–37 ("Defs' Mem. in Opp.")). After carefully reviewing the record, for the reasons set forth below, the Motion is denied without prejudice.

## BACKGROUND

Defendant Limleartvate owns defendant Sea Thai, a restaurant in Brooklyn, New York. (ECF No. 11 ("Answer") ¶¶ 14, 15, 16; Compl. ¶¶ 14, 15, 16). Sea Thai employed Plaintiffs as bussers, servers, food runners, and/or bartenders. (Answer ¶¶ 17–21; Compl. ¶¶ 17–21). Plaintiffs allege that Sea Thai has regularly misallocated shares of tips by allowing managers and supervisors to take part in a tip pool. (Compl. ¶¶ 51–57). Plaintiffs further allege that Sea Thai gave no notice to Plaintiffs that an FLSA tip pooling arrangement must be limited to employees who customarily and regularly receive tips (i.e., not managers and supervisors). (*Id.* ¶ 30). Plaintiffs identify by first name four managers who in fact share in the tip pool (*id.* ¶ 33), and allege that these managers (who Sea Thai has also referred to as "head servers" (*id.* ¶ 34)) "only occasionally take customer orders, serve food, or otherwise provide direct service to customers during their shifts" (*id.* ¶ 35). Defendants deny these allegations. (Answer ¶¶ 30–35). In addition to violations of the FLSA, Plaintiffs also allege violations of the NYLL that arise out of the same tip pooling arrangement. (Compl. ¶¶ 58–95).

## DISCUSSION

I. <u>Legal Standard</u>

The FLSA permits employees to assert claims on behalf of other similarly situated employees. 29 U.S.C. § 216(b). In the Second Circuit, certifying a collective action is a two-step process. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). Plaintiffs' current motion only concerns "[t]he first step, called conditional certification." *Jenkins v. TJX Companies, Inc.*, 853 F. Supp. 2d 317, 320 (E.D.N.Y. 2012). If conditional certification is granted, the putative collective

members are then notified of the pendency of the action and given an opportunity to opt in. *Id.* Conditional certification requires the plaintiffs demonstrate by "'a modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). In determining whether a plaintiff has met his burden, the court only "looks to the pleadings and submitted affidavits" and does not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Yu Zhang v. Sabrina USA Inc.*, No. 18 Civ. 12332 (AJN) (OTW), 2019 WL 6724351, at *2 (S.D.N.Y. Dec. 20, 2019) (quoting *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012)). "Although plaintiffs' burden is not onerous, they must provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated rather than mere conclusory allegations." *Elamrani v. Henry Limousine, Ltd.*, No. 15-CV-2050 (ERK) (MDG), 2016 WL 5477590, at *2 (E.D.N.Y. Sept. 28, 2016) (collecting cases).

II. Analysis of Conditional Certification

Plaintiffs' burden of proof at this stage remains "low" because "the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555. Defendants suggest that Plaintiffs must allege that the potential opt-ins were "*all* subject to a common unlawful policy or practice." (Defs' Mem. in Opp. at 4) (emphasis added). Defendants also suggest that Plaintiffs should have provided the days and times that the allegedly ineligible employees worked at Sea Thai, and should have alleged that "at least one ineligible employee was included in the tip pool every day." (*Id.* at 2). Such a showing is not required at this stage. Rather, Plaintiffs need only allege that "a *factual nexus* exists between the plaintiff's situation and the situation of other potential plaintiffs." *Serebryakov v. Golden Touch Transp. of NY, Inc.*, 181 F.

3

Supp. 3d 169, 173 (AMD) (RER) (E.D.N.Y. 2016) (citation and quotation marks omitted) (emphasis added). Specific details regarding the potential opt-in plaintiffs, the potentially ineligible FLSA employees, and the alleged scheme are not required for conditional certification. *See Gui Zhen Zhu v. Matsu Corp*, 424 F. Supp. 3d 253, 267 (D. Conn. 2020) ("Because it is not appropriate to evaluate the merits of Plaintiffs' claims at the conditional certification stage, this Court need not conduct [] an 'individualized inquiry' now."); *see also Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007) (noting that factual disputes between the parties "do not defeat conditional class certification" because the court may, at the second step of the certification process following discovery, "decertify the class" upon its review of the fuller record).

Nevertheless, the modest factual showing needed for conditional certification cannot be satisfied by unsupported assertions. *Id.* Accordingly, "'allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made.'" *Prizmic v. Armour, Inc.*, No. 05-CV-2503 (DLI) (MDG), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (quoting *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)) (collecting cases). Without at least one affidavit from a named plaintiff describing that he and other potential plaintiffs were victims of a common policy or plan that violated the law, even the low bar for certification is not met. *See id.* at *3; *see also Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 446 (S.D.N.Y. 2013) ("unsupported assertions in the pleadings [. . .] cannot satisfy a plaintiff's burden). Here, Plaintiffs rely solely on the facts alleged in the Complaint, along with an attorney declaration, to support the FLSA claim. The only support for Plaintiffs' claim that they are similarly situated to other Sea Thai employees comes from their conclusory allegation in the Complaint that there are approximately 30 current and 45 former employees who may opt-in to the collective action. (Compl. ¶¶ 49–50); *see Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC),

4

2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006) (denying conditional certification where plaintiffs rely on allegations in complaint). Therefore, Plaintiffs must submit supporting affidavits to satisfy their minimal burden.[1] *See Colon v. Major Perry St. Corp.*, No. 12 Civ. 3788 (JPO), 2013 WL 3328223, at *6 (S.D.N.Y. July 2, 2013) ("[C]ourts regularly determine that two or three declarations corroborating each other constitute a sufficient amount of evidence to conditionally certify a collective action under the FLSA."). In the interim, Plaintiffs' Motion is denied.

III.    Form of the Proposed Notice

Upon submission of supporting affidavits, the Court is inclined to order the Proposed Notice (ECF No. 35 at 9–11), with certain modifications. Defendants contend that the notice should include nine modifications: (1) the scope of the collective should be limited to three years; (2) Plaintiffs' allegations regarding violations of New York Labor Law should not be included in the notice; (3) the notice should make clearer the right of potential opt-in plaintiffs to retain independent counsel; (4) the opt-in consent forms should be filed with the Clerk of the Court instead of being returned to Plaintiffs' counsel; (5) the notice should be disseminated by first-class mail, rather than by email or posting in the workplace; (6) Plaintiffs' request for collective telephone numbers should be denied; (7) the opt-in period should be sixty (60) days; (8) defense counsel's contact information should be included on the notice; and (9) Plaintiffs should be required to provide certificates of translation prior to the dissemination of the notice in any language other than English. (Defs' Mem. in Opp. at 9–16). The Court will address each modification in turn.

---

[1] Although it is true that the five named Plaintiffs verified the complaint, the Court is not aware of any Second Circuit precedent in which a verified pleading has taken the place of an affidavit for the purpose of FLSA conditional certification. *Cf. Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) ("[A] verified pleagind . . . has the effect of an affidavit and may be relied upon *to oppose summary judgment*.") (emphasis added).

As an initial matter, Plaintiffs do not object to Defendants' second,[2] third,[3] seventh,[4] eighth,[5] and ninth[6] proposed modifications. (ECF No. 35 at 38–42 ("Pls' Reply") at 3–5). The Court finds these modifications, and Plaintiffs' proposed incorporation of the same, acceptable. In addition, with respect to the third point, in order to make clearer that potential plaintiffs' have the right to retain independent counsel, the following language should be added as a separate paragraph to the end of the section entitled "Join the Lawsuit":

> If you opt-in, you will become a "party plaintiff" and, unless you inform Plaintiffs' counsel or the Court in writing, you will be represented by Halpern Legal Clinic, Inc., which represents Plaintiffs in this lawsuit. You have the right to retain your own counsel if you wish to independently pursue your claims against the Defendants. In other words, you may also retain your own attorney to represent you if you join the case.

*See Uddin v. O'Brien Rest. Holding Co., LLC*, No. 16 Civ. 2098 (RJS), 2016 WL 11779533, at *6 (S.D.N.Y. Nov. 22, 2016).

Next, with respect to the first point, Defendants request that the scope of the collective action be limited to three years (Defs' Mem. in Opp. at 9–10), whereas Plaintiffs request that the scope of the collective action be six years (ECF No. 35 at 5–8 ("Pls' Mem.") at 3–4). Plaintiffs assert that a six-year notice period is appropriate as the statute of limitations for Plaintiffs' New York Labor Law claims is six years. (Pls' Mem. at 3–4). In response, Defendants assert that the notice

---

[2] With respect to the second point, Plaintiffs agree that the mention of the New York Labor Law claims be removed from the notice. (Pls' Reply at 3).

[3] With respect to the third point, Plaintiffs propose that the notice's "Take No Action" heading be revised to "Take No Action in the Lawsuit." (*Id.* at 3).

[4] With respect to the seventh point, Plaintiffs agree that the opt-in period be sixty (60) days. (*Id.* at 5).

[5] With respect to the eighth point, Plaintiffs propose that the notice include defense counsel's contact information in a separate section labelled "Attorneys for Defendants," with the qualifying language, "If you decide to join this case, you should not contact the defendants' lawyer, but instead rely on your counsel to do so." (*Id.* citing *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 487 (JLC) (S.D.N.Y. 2016)).

[6] With respect to the ninth point, Plaintiffs agree to provide a certificate of translation for the Thai version of the notice prior to the dissemination of the notice. (*Id.*).

period should instead follow the three-year statute of limitations for a willful violation of the FLSA (Defs' Mem. in Opp. at 9). Plaintiffs' request is granted. "[W]here NYLL claims are raised, it is appropriate to extend the statute of limitations to six years." *Millin v. Brooklyn Born Chocolate, LLC*, No. 19-CV-3346 (ENV) (RER), 2020 WL 2198125, at *4 (E.D.N.Y. May 6, 2020) (citing *Anjum v. J.C. Penney Co.*, No. 13-CV-460 (RJD) (RER), 2015 WL 3603973, at *12 (E.D.N.Y. June 5, 2015)); *Cohan v. Columbia Sussex Mgmt., LLC*, No. 12-CV-3203 (JS) (AKT), 2013 WL 8367807, at *9 (E.D.N.Y. Sept. 19, 2013) ("Multiple courts in the Eastern District, including this Court, have held that where a case involves both NYLL and FLSA claims, it promotes judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely NYLL claims.") (collecting cases). In addition, "while the limitations period for each potential plaintiff continues to run until they elect to opt-in to the action, 29 U.S.C. §. 256(b), some plaintiffs may be eligible for equitable tolling." *Id.* (citing *Kemper v. Westbury Operating Corp.*, No. 12-CV-0895 (ADS) (ETB), 2012 WL 4976122, at *3 (E.D.N.Y. Oct. 17, 2012)). The Court therefore finds it appropriate that notices be sent to individuals who worked for Sea Thai at any point during the six-year period preceding the date of the filing of the motion for conditional certification. *See id.*

On the fourth point, Defendants request that the opt-in consent forms be filed with the Clerk of the Court (Defs' Mem. in Opp. at 12), whereas Plaintiffs' requests that the forms be returned to Plaintiffs' counsel (ECF No. 35 at 12). Courts in this Circuit have found that so long as the notice makes clear that plaintiffs can retain their own counsel if they choose, it is "acceptable and less cumbersome" for opt-in consent forms to be returned directly to plaintiffs' counsel. *Benavides*, 166 F. Supp. 3d at 486. The notice here, as revised, will make clear that Plaintiffs may retain their own counsel and thus mitigates any concern of confusion. *See Kucher v. Domino's Pizza, Inc.*, No.

7

16 Civ. 2492 (AJN), 2017 WL 2987216, at *3 (S.D.N.Y. May 22, 2017) ("Plaintiffs' counsel will be in a better position to answer potential questions by putative members of the collective. Further, the notice clearly states that a putative plaintiff need not retain Plaintiffs' counsel, a factor which mitigates any problems associated with having consent forms returnable to Plaintiffs' counsel.") (citations omitted). Accordingly, Plaintiffs' request that opt-in consent forms be return to Plaintiffs' counsel is granted.

With respect to the fifth point, Defendants request that notice be disseminated by first-class mail (Defs' Mem. in Opp. at 12–13), whereas Plaintiffs request that notice be disseminated by posting at the workplace and email (Pls' Mem. at 3–4; Pls' Reply at 4). The Court grants Plaintiffs' request. *See Millin*, 2020 WL 2198125, at *3 ("There is no credible reason why notice should not be provided by email or text message, especially given the broad remedial purpose of the FLSA."); *see also Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011) (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) ("'Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail.'").

As to the sixth point, Defendants ask that Plaintiffs' request for telephone numbers be denied. (Defs' Mem. in Opp. at 14). Generally, it is proper for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective members. *See Velasquez v. Digital Page Inc.*, No. 11-CV-3892 (LDW) (AKT), 2014 WL 2048425, at *15 (E.D.N.Y. May 19, 2014) (collecting cases); *see also Tate v. WJL Equities Corp.*, No. 13 Civ. 8616 (JLC), 2014 WL 2504507, at *2 (S.D.N.Y. June 3, 2014) ("Courts in this Circuit have held that disclosure of employee contact information is relevant in

connection with conditional collective action certification."). Thus, the Court directs Defendants to provide Plaintiff with the contact information as requested.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion is denied without prejudice to renewal upon submission of affidavits by named Plaintiffs and/or others describing why conditional certification of the collective action is appropriate. Plaintiffs must renew within thirty (30) days. Defendants are granted fourteen (14) days after renewal to submit any further objections not yet raised.

**SO ORDERED.**

/s/ Ramon E. Reyes, Jr.
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: May 25, 2023
Brooklyn, NY